IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DUSTIN A. JACOBSEN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CV3275 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONS, Tecumseh State | ) | **AND ORDER** |
| Correctional In., FRED BRITTEN, | ) | |
| Warden, and SHAWN SHERMAN, | ) | |
| Unit Manager, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on December 17, 2007. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 11.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.   Summary of Complaint

Plaintiff filed his Complaint on December 17, 2007 against Nebraska Department of Corrections - Tecumseh State Correctional Institution ("TSCI"), Warden Fred Britten and Unit Manager Shawn Sherman. Plaintiff does not identify whether he is suing Defendants Britten and Sherman in their individual or official capacities.

Condensed and summarized, Plaintiff alleges that on October 5, 2007, Plaintiff's grandmother died and Plaintiff's aunt contacted TSCI to tell Plaintiff about the death. (Filing No. 1 at CM/ECF p. 4.) Plaintiff's aunt spoke to an unnamed female and asked this person to inform Plaintiff that his grandmother died and to call

home. (*Id.*) Plaintiff states that he never received this message. (*Id.*) A few days later, Plaintiff called home and received the news of his grandmother's death. (*Id.*) Plaintiff states that because he did not receive his aunt's message, he missed any opportunity he may of had to attend his grandmother's funeral. (*Id.*)

Plaintiff seeks remuneration for missing his grandmother's funeral, grief counseling with a psychiatrist, and an apology for him and every member of his family. (*Id.* at CM/ECF p. 5.)

## II. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. and Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

## **III.** **Discussion of Claims**

The court has carefully reviewed the Complaint. Nowhere in the Complaint does Plaintiff allege that he was deprived of a right secured by the Constitution or laws of the United States or that the alleged deprivation was committed under "color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Furthermore, the specific allegations in Plaintiff's Complaint do not support a claim under the United States Constitution or any federal statute. Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims are dismissed without prejudice for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint and this action are dismissed without prejudice.

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

March 27, 2008. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge